**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000101
25-JUN-2021
08:15 AM
Dkt. 50 SO**

NO. CAAP-20-0000101

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
LEONARD SPORIK, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KĀNEʻOHE DIVISION
(CASE NO. 1DTA-18-03076)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Leonard Sporik (**Sporik**) appeals from the Amended Judgment and Notice of Entry of Amended Judgment, filed on December 11, 2019,[1] and the Notice of Entry of Judgment and/or Order and Plea Judgment, filed on January 28, 2020,[2] in the District Court of the First Circuit, Kāneʻohe Division (**District Court**).[3]

Sporik was convicted of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii

---

[1]  The Honorable Philip Doi presided.

[2]  The Honorable Sherri L. Iha presided.

[3]  The judgments entered on December 11, 2019, and January 28, 2020, together constitute the District Court's judgment in this case.

Revised Statutes (**HRS**) § 291E-61(a)(1) (Supp. 2020).[4]

On appeal, Sporik contends the District Court did not apply the beyond a reasonable doubt standard when finding alcohol he consumed contributed to his inability to drive.[5]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Sporik's point of error as follows and affirm.

Contrary to Sporik's claim, the District Court applied the proof beyond a reasonable doubt standard when finding him guilty of OVUII.  Sporik points to the District Court's reference to "could" in its pronouncement of guilt as an indication it did not apply the proof beyond a reasonable doubt standard.  The District Court stated, in relevant part:

> There were no questions and therefore no answers regarding other days when Mr. Sporik took those same three medications. And but -- but I do have one question and one answer regarding taking those medications with alcohol. I've got a lot of questions about solely one and solely -- solely medication and solely alcohol, but only one on alcohol in addition to those, and that was Dr. McAndrews, and he said even a small amount of alcohol could have a -- a -- a -- a notable increase in the effects.  The words "in an amount sufficient to impair" have been defined in case law as to mean that it does not have to be the sole cause.  All it has to be is a factor.
>
> And so as to the OVUII, given the testimony, there -- there ab-- absolutely was alcohol involved in this.  All it has to be is a contributing factor to the

---

[4]  HRS § 291E-61(a)(1) states:

> **§291E-61  Operating a vehicle under the influence of an intoxicant.** (a)  A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>> (1)  While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

[5]  In his Reply Brief, Sporik raises a new argument that there was insufficient evidence to convict him.  Arguments raised for the first time in the reply brief on appeal are waived.  State v. Mark, 123 Hawaiʻi 205, 230, 983 P.3d 478, 503 (2010) (citing In re Hawaiian Flour Mills, Inc., 76 Hawaiʻi 1, 14 n. 5, 868 P.2d 419, 432 n. 5 (1994) and Rule 28(d) of the Hawaiʻi Rule of Appellate Procedure).

> impairment, Mr. Sporik.  <u>I find that the State has
> borne its burden.  I am convinced beyond a reasonable
> doubt that you were impaired at least in part by
> alcohol, and I find you guilty on that count</u>.

(Emphases added).

Sporik claims that his over-prescribed medication was the sole cause of his behavior in this case.  However, the context of the District Court using the word "could" in its ruling is in reference to the testimony of Sporik's expert witness, Dr. McAndrews, who Sporik admits stated a general proposition that it was possible for alcohol to enhance the effects of medication that Sporik claimed he took prior to the incident.  In this regard, Dr. McAndrews testified:

> Q. So what -- what is the effect here? So why -- if you have low blood pressure, why do you experience these problems?
>
> A. If you have low blood pressure, your vital organs aren't getting perfused properly with oxygen from your blood and vital organs, includes the brain, so that's why you would experience those side effects.
>
> Q. If -- if you had taken, say, <u>a drink of alcohol, **could** that increase these effects</u>, or how might that interact with the symptoms of low -- that you've already described relating to low blood pressure?
>
> A. <u>I would say so because alcohol is also a central nervous system depressant. You know, even a small amount **could** compound the effects, and you could see, you know, drastic confusion, lethargy, dizziness, fatigue, incoherence</u>.

(Emphases added).

We further note that Sporik misleadingly argues, multiple times, that Dr. McAndrews specifically testified that alcohol "did not contribute" to Sporik's behavior, that "alcohol was not a factor in enhancing the effects of overmedication" suffered by Sporik, that "alcohol had nothing to do with the symptoms and behavior exhibited by Sporik on the date of the accident[,]" and that "alcohol was not a factor in this case[.]" To support these assertions, Sporik quotes one particular part of Dr. McAndrews' testimony, but without providing the question he was answering.  The relevant testimony, including the question, is as follows:

> Q. [defense counsel] Two glasses of bourbon and Coke, say two just prior to driving, do you have a opinion based on a

> reasonable degree of medical probability as to whether or not all of these problems that we've just described to the degree that he was having them could've been caused **solely** <u>by his having drunk those two alcoholic beverages</u>?
>
> . . .
> THE WITNESS: I do have an opinion.
>
> Q. [defense counsel] And what is that?
>
> A. My opinion is that based on the degree of severity of the symptoms that he exhibited, <u>I don't believe that those symptoms could've been caused by the two alcoholic beverages that you mentioned</u>.

(Emphases added).

The District Court correctly noted alcohol need only be a contributing factor to the diminished capacity to drive safely. In <u>State v. Vliet</u>, 91 Hawaiʻi 288, 293, 983 P.2d 189, 194 (1999), the Hawaiʻi Supreme Court interpreted HRS § 291-4 (1993 & Supp. 1998), the predecessor statute for driving under the influence of an intoxicating liquor, and held proof that alcohol contributed to diminishing the defendant's capacity to drive safely was sufficient.  The Hawaiʻi Supreme Court explained:

> As for Vliet's claim that the prosecution failed to adduce "any evidence that [his] condition was due to alcohol, [and] not his epilepsy or his Neurontin," this contention is patently meritless insofar as Vliet himself admitted at trial that he had consumed two beers on the night in question. It appears, however, that Vliet is attempting to argue a more complex proposition, namely, that, in order [to] be convicted of DUI under HRS § 291-4(a)(1), the prosecution was required to prove that his condition on the night in question was caused exclusively by intoxicating liquor (and not by a combination of his Neurontin and alcohol). This position is untenable.
>
> As previously indicated, HRS § 291-4(a)(1) plainly and simply provides that a person commits DUI if "[t]he person operates or assumes actual physical control of the operation of any vehicle <u>while under the influence of intoxicating liquor</u> ... in **an amount sufficient to impair** the person's normal mental faculties or ability to care for oneself and guard against casualty [.]" (Underscoring and bold emphases added.) <u>Nothing in the statute requires that alcohol be the sole or exclusive cause of a defendant's impairment. Rather, what is required is proof beyond a reasonable doubt that liquor contributed to the diminishment of the defendant's capacity to drive safely</u>.

<u>Id.</u> (Emphasis in original and added).

Therefore, IT IS HEREBY ORDERED that the Amended Judgment and Notice of Entry of Amended Judgment, filed on

December 11, 2019, and the Notice of Entry of Judgment and/or Order and Plea Judgment, filed on January 28, 2020, in the District Court of the First Circuit, Kāneʻohe Division, are affirmed.

DATED:  Honolulu, Hawaiʻi, June 25, 2021.


On the briefs:

Samuel P. King, Jr.,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge